IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:09cv27

| | |
|---|---|
| RICKEY McDONALD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees under the Social Security Act. [Doc. 25].

## PROCEDURAL HISTORY

On December 2, 2009, this matter was remanded to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. §405(g) on the joint motion of the parties for further administrative proceedings. [Doc. 12]. At that time, the Plaintiff was granted the sum of $2,765.42 for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d). [Doc. 20]. The Court denied the Plaintiff's request for an award of attorneys' fees for work performed by attorneys working for Plaintiff's counsel who were not admitted to practice in this District and who had not sought admission *pro*

*hac vice*. [Id.]. The Plaintiff filed a Notice of Appeal from that portion of the Court's decision. [Doc. 22].

While the appeal was pending, the Plaintiff received notification on November 28, 2010 that a favorable decision had been rendered in his case. [Doc. 26-1]. The Social Security Administration commenced paying benefits to the Plaintiff and withheld the sum of $22,134.25 to pay any subsequent award of attorneys' fees.[1] [Doc. 33]. The Plaintiff's appeal was stayed until the United States Fourth Circuit Court of Appeals in Priestley v. Astrue, 651 F.3d 410 (4th Cir. 2011), determined that an award of attorneys' fees could be made for services performed by attorneys not admitted to a district but who were working for the claimant's counsel. [Doc. 32; Doc. 33]. As a result of that decision, the parties settled the Plaintiff's appeal, reached an agreement on EAJA fees and the appeal was dismissed. [Doc. 32]. The Plaintiff received an additional award of $3,298.00 in attorneys' fees pursuant to EAJA in settlement with the Commissioner for work done at the appellate level. [Id.].

The parties have agreed that a reasonable fee pursuant to the Social Security Act, 42 U.S.C. §406(b), in connection with services performed before this Court, is the sum of $12,134.25. [Doc. 32; Doc. 33]. They further agree

---

[1]The Administration subsequently authorized payment to Plaintiff's counsel of the sum of $10,000.00 for services performed at the administrative level pursuant to 42 U.S.C. §406(a). [Doc. 32]. Thus, the balance remaining is $12,134.25.

that Plaintiff's counsel must refund to the Plaintiff the lesser of the total EAJA fees received, including those paid in connection with the appeal, or the fees received pursuant to §406(b) of the Social Security Act. [Id.]. The Court has reviewed the parties' submissions and has determined that the sum of $12,134.25, as agreed by the parties, is a reasonable fee pursuant to 42 U.S.C. §406(b).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees under the Social Security Act [Doc. 25] is hereby **GRANTED** and a reasonable fee pursuant to 42 U.S.C. §406(b) is the sum of $12,134.25.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund to the Plaintiff the lesser of the EAJA fees which have been paid and received, including those paid in connection with the appeal, or the fees received pursuant to 42 U.S.C. §406(b).

**IT IS FURTHER ORDERED** that the Motion to Hold Plaintiff's Motion for Attorneys' Fees in Abeyance [Doc. 28] is hereby **DENIED** as moot.

Signed: August 7, 2012

Martin Reidinger
United States District Judge